U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOHN DISTEFANO,

    Plaintiff,

vs.

COSTA CROCIERE S.p.A. Company,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, **JOHN DISTEFANO,** by and through undersigned counsel, hereby sues the Defendant, **COSTA CROCIERE S.p.A. Company**, and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction over this matter pursuant to 28 USC §1333(1) and 28 USC § 1332 (a)(1).

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff **JOHN DI STEFANO**, was and is a resident of and is domiciled in the State of New York, now living in Franklin Square, New York and, at all times material, was a paying passenger on Defendant's vessel, the Costa *Mediterranea.*

5. At all times material, Defendant, **COSTA CROCIERE, S.p.A. COMPANY,** a foreign corporation formed in Italy which maintains its principal place of business in Genova, Italy, personally or through an agent:

    A. Operated, conducted, engaged and/or carried on a business venture in

    the State of Florida, and in particular Broward County, Florida;

B. Was engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

C. Operated vessels and provided vessels for cruises in the waters of this state;

D. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, the defendant is subject to the jurisdiction of this Honorable Court due to the foregoing and 28 U.S.C. §1333 (1);

E. The acts of defendant set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida;

6. On or about January 16, 2015, Defendant owned and operated a passenger cruise ship known as the Costa *Mediterranea,* such vessel being used as a passenger cruise vessel.

7. At such time and place, Plaintiff, **JOHN DISTEFANO,** was lawfully and legally aboard such vessel as an invitee and paying passenger with the actual and/or constructive consent of the Defendant to be physically present aboard such vessel.

8. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (Original ticket is no longer in Plaintiff's possession).

## COUNT I - NEGLIGENCE

9. On or about January 16, 2015, while the subject vessel was operating in navigable waters, the Plaintiff, **JOHN DISTEFANO,** was trying to board the ship's tender while returning from a scheduled port of call, when he fell causing him to sustain serious and permanent injuries.

10. Mr. Distefano ultimately required knee surgery to repair injuries sustained in the incident.

11. At all times material hereto the Defendant, **COSTA CROCIERE, S.p.A. CORPORATION,** owed a duty to Plaintiff to exercise reasonable care under the circumstances.

12. At all times material hereto, the Defendants' actions and/or inaction created a foreseeable and unreasonable risk of harm to the Plaintiff, **JOHN DISTEFANO**.

13. Defendant, **COSTA CROCIERE, S.p.A. CORPORATION**, breached its duty owed to Plaintiff by committing one or more of the following acts of omissions:

   A. Failing to provide a reasonably safe means to tender the Plaintiff to a port of call during his cruise;

   B. Failing to properly equip the vessel with a sufficient and appropriate entryways, stairs, ramps and other means to facilitate safe boarding of the tender by passengers, including Plaintiff;

   C. Failing to provide adequate assistance to passengers boarding the tender under the circumstances presented by boarding at sea;

   D. Failing to adequately train its staff to equip the tender, including placement of a bridge or suitable gangway while passengers entered the vessel from the tender during transfer;

   E. Failing to adopt policies and procedures for the safe boarding of the tender by passengers;

   F. Failing to adhere to and/or follow existing policies and procedures for the safe boarding of the tender;

   G. Failing to comply with Defendant's own internal policies and procedures established by its SMS, SQM and other internal operational procedures required by the ISM Code, IMO, SOLAS and all applicable health, building and safety codes and national standards in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant IMO standards and NVIC'S of the United States Coast Guard;

   H. In other ways as may be revealed through discovery.

14. As a direct and proximate result of Defendant's negligence, which was the sole proximate cause of Plaintiff's accident, Plaintiff, **JOHN DI STEFANO**, suffered bodily

injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization and surgery, medications, loss of earnings, loss of the ability to earn money and impaired earnings capacity and expenses for physical therapy, rehabilitation and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, **JOHN DISTEFANO**, demands judgment, interest and costs against Defendant, **COSTA CROCIERE, S.p.A. CORPORATION**, and any such other relief to which the Plaintiff may be justly entitled.

Dated: January 15, 2016.

> HOLZBERG LEGAL
> Offices at Pinecrest II
> 7685 S.W. 104th Street, Suite 220
> Miami, Florida 33156
> Telephone: (305) 668-6410
> Facsimile: (305) 667-6161
>
> BY: */s/ Glenn J. Holzberg*
> GLENN J. HOLZBERG
> FL. Bar No.: 369551